IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMILCAR JOSUE GARCIA-ZAMORA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| J.L. JAMISON, et al. | : | NO. 25-6656 |

MEMORANDUM

Bartle, J.                                          December 16, 2025

On November 24, 2025, Amilcar Josue Garcia-Zamora
filed this petition for a writ of habeas corpus pursuant to 28
U.S.C. § 2241 and the Suspension Clause of the Constitution.
U.S. Const. art. I, § 9, cl. 2.  He also filed a motion for a
temporary restraining order.  He challenges the lawfulness of
his detention at the Philadelphia Federal Detention Center by
Immigration and Customs Enforcement ("ICE").  The Respondents
are: J.L. Jamison, the Warden of the Philadelphia Federal
Detention Center; Brian McShane, the acting Director of the
Philadelphia Field Office of ICE's Enforcement and Removal
Operations; Todd Lyons, the acting Director of ICE; Kristi Noem,
the Secretary of the Department of Homeland Security; Pamela
Bondi, the Attorney General of the United States; and the
Department of Homeland Security.  All individuals are sued in
their official capacities.

Petitioner asks this court to issue a writ of habeas corpus requiring that Respondents release Petitioner on his own recognizance or on parole, bond or reasonable conditions of supervision.  In the alternative, he requests a bond hearing pursuant to 8 U.S.C. § 1226(a).  He also asks the court to set aside Respondents' detention policy under the Administrative Procedure Act, 5 U.S.C. § 706(2), as contrary to law, arbitrary and capricious, and contrary to constitutional rights. Additionally, Petitioner requests a declaration that his mandatory detention is unlawful.

In his motion for a temporary restraining order, he seeks this court to enjoin Respondents from moving him outside the Eastern District of Pennsylvania; enjoin Respondents from detaining Petitioner under 8 U.S.C. § 1225(b)(2); and order Petitioner's immediate release from Respondents' custody.  This court has ordered him not to be removed from this District pending further order of this court.

I

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is

-2-

to secure release from illegal custody." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention." <u>I.N.S. v. St. Cyr</u>, 533 U.S. 289, 301 (2001).  It is a core remedy for unlawful executive detention that is regularly invoked on behalf of noncitizens.  <u>Munaf v. Geren</u>, 553 U.S. 674, 693 (2008); <u>St. Cyr</u>, 533 U.S. at 305.  When reviewing the legality of executive detention, its protections have been the strongest.  <u>St. Cyr</u>, 533 U.S. at 301. Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  <u>See</u> <u>Zadvydas v. Davis</u>, 533 U.S. 678, 687 (2001).

II

       Petitioner is a native of Venezuela.  According to his petition, he and his family were active political protesters in Venezuela who demonstrated against the regime of Nicolas Maduro. In retribution, the regime arrested and persecuted him on multiple occasions.

       Petitioner initially entered the country on September 12, 2022 in El Paso, Texas.  Officials from Customs and Border Patrol detained him upon entry.  The Department of Homeland Security placed him in detention briefly and subsequently released him on parole into the United States presumably under 8 U.S.C. § 1226.  Under § 1226(a), "an alien may be arrested and

-3-

detained pending a decision on whether the alien is to be
removed from the United States . . . . [P]ending such a
decision, the [alien] . . . may [be] release[d] . . . on bond .
. . or . . . [on] conditional parole."  8 U.S.C. § 1226(a)(2).
Petitioner was charged with being an inadmissible alien under 8
U.S.C. § 1182(a)(6)(A)(i).  That provision states that an alien
present in the United States without being previously admitted
or paroled is ineligible to be admitted to the United States.
Id.  He was also charged under 8 U.S.C. § 1182(a)(7)(A)(i),
which provides that "any immigrant [who] at the time of
application for admission . . . is not in possession of a valid
unexpired immigrant visa," or other similar documents, and "a
valid, unexpired passport, or other suitable travel document[s]"
is inadmissible.  Id.

         Petitioner has resided in the United States since
September 2022.  Up until his recent detention, he lived in
Allentown, Pennsylvania where there is a large community of
Venezuelans.  He maintains that he has worked lawfully paying
taxes in order to support his family.

         During his residency, Petitioner attended check-ins as
required at the ICE office in Philadelphia, Pennsylvania in
October 2022, November 2023, and November 2024.  Petitioner
filed a timely application for asylum, on or about October 17,

2024.  His application is based on his fear of persecution in his home country.

On November 19, 2025, he attended his fourth required check-in when he was arrested by ICE officers.  He was transferred to the Federal Detention Center in Philadelphia where he is currently detained.  Once in custody, his detention was continued without an opportunity to post bond or be released on other conditions.

ICE took the action it did based on a new policy position that non-citizens residing in the interior of the United States are subject to 8 U.S.C. § 1225(b)(2)(A) proceedings and not to § 1226(a).  Section 1225(b)(2)(A) provides: "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding."  Id. § 1225(b)(2)(A).  Those detained pursuant to § 1225(b)(2)(A) are not entitled to a bond hearing before an immigration judge during their removal proceedings. Jennings v. Rodriguez, 583 U.S. 281, 288 (2018).  Respondents take the position they do as a result of a series of precedential decisions by the Board of Immigration Appeals that finally culminated in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025).

-5-

Petitioner argues that Matter of Yajure Hurtado is contrary to law and that the government has unlawfully determined that he was subject to mandatory detention. He argues that § 1225(b)(2)(A) does not apply to individuals like himself who are already in the country pending the outcome of removal proceedings.

III

In recent months, numerous district courts have addressed the issues raised by Petitioner in this case. There have been close to 300 decisions overall. See Patel v. McShane, No. 25-5975, 2025 WL 3241212, at *1 (E.D. Pa. Nov. 20, 2025) (Brody, J.). Included are decisions by at least seven judges in the Eastern District of Pennsylvania. See, e.g., id.; Ibarra v. Warden of the Fed. Det. Ctr. Phila., No. 25-6312, 2025 WL 3294726, at *1-4 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); Ndiaye v. Jamison, No. 25-6007, 2025 WL 3229307, at *2-4 (E.D. Pa. Nov. 19, 2025) (Sanchez, J.); Demirel v. Fed. Det. Ctr. Phila., No. 25-5488, 2025 WL 3218243, at *2-4 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); Cantu-Cortes v. O'Neill, No. 25-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); Kashranov v. Jamison, No. 25-5555, 2025 WL 3188399, at *3-4 (E.D. Pa. Nov. 14, 2025) (Wolson, J.). In one of these cases, Anirudh v. McShane, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025), the undersigned granted a similar habeas petition on December 9,

-6-

2025. Id. at *6. The court incorporates its Memorandum by reference.

The government invokes the same procedural arguments here as it did in Anirudh. It argues that this court lacks jurisdiction based on 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1252(a)(2)(B)(ii), and that the court cannot review the petition because Petitioner did not exhaust administrative remedies.

As in Anirudh, the jurisdiction-stripping provisions in § 1252 do not apply. Anirudh, 2025 WL 3527528, at *2-4. 8 U.S.C. § 1252(g) does not bar review of Garcia-Zamora's claims because he is not challenging the government's commencement of removal proceedings but rather the legality of his detention. Id. at *3. Similarly, 8 U.S.C. § 1252(b)(9) does not oust the court of jurisdiction because the provision does not bar the court from reviewing collateral issues to the removal process, such as whether a bond hearing is required. Id. Finally, § 1252(a)(2)(B)(ii) does not strip the court of the power to adjudicate this matter because Petitioner is not challenging a discretionary decision to deny him bond but rather the government's legal position that no bond hearing is required. Id.

Petitioner is not required to exhaust his administrative remedies because the issue presented involves statutory construction and exhaustion would be futile in light

-7-

of the Board of Immigration Appeals' recent decisions in <u>Matter of Q. Li</u>, 29 I&N Dec. 66 (BIA 2025), and <u>Matter of Yajure Hurtado</u>, 29 I&N Dec. 216 (BIA 2025). <u>See</u> <u>Anirudh</u>, 2025 WL 3527528, at *4.

Accordingly, for the reasons more fully stated in <u>Anirudh</u>, the court has jurisdiction and Petitioner is not required to exhaust his administrative remedies. <u>Id.</u> at *2-4.

IV

Finally, the government argues that the petition fails on the merits. As in <u>Anirudh</u>, it asserts that under § 1225(b)(2)(A), Garcia-Zamora qualifies as an alien who is "applicant for admission" and thus subject to mandatory detention in advance of removal proceedings. <u>See</u> <u>Anirudh</u>, 2025 WL 3527528, at *4-5.

Section 1225(b)(2)(A) proceedings require mandatory detention while a noncitizen's removal proceedings are pending and the person may be released only "for urgent humanitarian reasons or significant public benefit." <u>Jennings</u>, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)). To trigger § 1225(b)(2)(A), an examining immigration officer must determine that the individual is: (1) an "applicant for admission"; (2) "seeking admission"; and (3) "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). The court agrees with previous decisions in this district that these are

-8-

separate requirements, all of which must be met for Section 1225(b)(2)(A) to apply.  See Anirudh, 2025 WL 3527528, at *5.

As in Anirudh, this court rejects the government's interpretation of § 1225(b)(2)(A) that conflates "applicant for admission" and "seeking admission" under Matter of Yajure Hurtado.  29 I&N Dec. at 222-24; Anirudh, 2025 WL 3527528, at *5.  This interpretation disregards the plain meaning of Section 1225(b)(2)(A) and violates the rule against surplusage of statutory language.  Anirudh, 2025 WL 3527528, at *5. Instead, the court finds that § 1225(b)(2)(A) statutory requirement of "seeking admission" limits the provision's application to noncitizens who are just arriving or have recently arrived in the country.  Id.

At the time of his arrest in November 2025, Petitioner had been present in this country for over three years and was not at that point "seeking admission," that is seeking "lawful entry," into the United States.  See 8 U.S.C. § 1101(a)(13)(A); Anirudh, 2025 WL 3527528, at *5.

In contrast, Section 1226 authorizes the government to detain aliens already in the country pending the outcome of removal proceedings.  Jennings, 583 U.S. at 288-89. Section 1226(a), as noted above and in contrast to Section 1225, establishes a discretionary detention framework for noncitizens

-9-

arrested and detained "[o]n a warrant issued by the Attorney General."  8 U.S.C. § 1226(a); see also Anirudh, 2025 WL 3527528, at *5.  It allows noncitizens subject to removal proceedings to be released on their own recognizance, a form of conditional parole.  8 U.S.C. § 1226(a)(2)(B); see also Gomes v. Hyde, No. 25-11571, 2025 WL 1869299, at *2 (D. Mass. July 7, 2025).  It also entitles noncitizens to a bond hearing at the outset of any detention.  See 8 C.F.R. §§ 1003.19(a), 1236.1(d).

Petitioner entered the country in September 2022.  He was shortly thereafter charged with being an inadmissible alien, subjected to removal proceedings, and released on conditional parole.  Since 2022, he has resided in the country.  The detention of noncitizens like Petitioner who have been long-present in the United States is governed by the discretionary framework of § 1226(a).  Therefore, Petitioner's detention without the opportunity for a bond hearing violates the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq.

Since his mandatory detention violates federal law, the court need not address his claims that either the bond regulations, due process, or the Administrative Procedure Act, 5 U.S.C. §§ 701 et. seq., has been violated.

V

The court will issue a writ of habeas corpus requiring that Respondents release Petitioner because his mandatory

-10-

detention violates the Immigration and Nationality Act.  The court also declares his current detention unlawful.

Because the court has granted the writ of habeas corpus, the court will deny Petitioner's motion for a temporary restraining order as moot.